## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2485 | **DATE** | 5/22/2002 |
| **CASE TITLE** | Syndia Corporation vs. The Gillette Company | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Jury trial held and continued to 5/23/02 at 10:00 a.m. Enter Memorandum Opinion and Order. Oral motion of The Gillette Company to lift this Court's order under Rule 615 of the Federal Rules of Evidence granting Syndia Corporation's oral motion to exclude witnesses is granted. Furthermore, the Court on its own vacates its order excluding experts from the court room during the taking of testimony.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 2 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | MAY 2 4 2002 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | 220 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 5/22/2002 date mailed notice | |
| MD | courtroom deputy's initials | Date/time received in central Clerk's Office | MD mailing deputy initials | |

SYNDIA CORPORATION,        )
                           )
    Plaintiff,             )
                           )
    v.                     )    No. 01 C 2485
                           )
THE GILLETTE COMPANY,      )
                           )
    Defendant.             )

DOCKETED
MAY 24 2002

## MEMORANDUM OPINION AND ORDER

Defendant, The Gillette Company, has moved to lift this court's order under Rule 615 of the Federal Rules of Evidence granting plaintiff's, Syndia Corporation's, motion to exclude witnesses. Defendant seeks permission to have its damages expert present during the trial testimony of Syndia Corporation's damages expert in order to assist counsel in preparing the cross-examination of that witness.

Rule 615 provides:

> At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion. This rule does not authorize exclusion of (1) a party who is a natural person, or (2) an officer or employee of a party which is not a natural person designated as its representative by its attorney, or (3) a person whose presence is shown by a party to be essential to the presentation of the party's cause, or (4) a person authorized by statute to be present.

Fed. R. Evid. 615. Although Rule 615 is written in mandatory terms, "a person whose presence is shown by a party to be essential to the presentation of the party's cause" is an exception to the rule, which seems to be the best place from which to launch a discussion of the issue.

1

The court has found no Seventh Circuit civil case addressing the issue, although that court has considered the rule in criminal cases. In *United States v. Crabtree,* 979 F.2d 1261, 1270, in upholding the lower court's decision to allow a government expert who had violated the court's exclusion order to testify, the court relied not only the second exception of Rule 615 but also on Rule 703, Fed. R. Evid,[1] which "specifically states that an expert can base his opinion on the facts and data learned from attending the trial and listening to testimony." Moreover, in *United States v. Bramlet,* 820 F.2d 851, 855 (7th Cir. 1987), the court upheld the lower court allowing an expert witness to testify in rebuttal to the defendant's case even though the expert witness had read the prior testimony of the defendant's witnesses in contravention of the court's exclusion order. In considering whether to grant a new trial based on this violation, the court stated:

> The rationale for excluding adverse witnesses is premised on the concern that once having heard the testimony of others, a witness may inappropriately tailor his or her own testimony to the prior evidence. *Geders v. United States,* 425 U.S. 80, 87, 96 S.Ct. 1330, 1334, 47 L.Ed.2d 592 (1976); *United States v. Ell,* 718 F.2d 291, 293 (9th Cir. 1983). This concern is justified, for instance, where "fact" or "occurrence" witnesses are called to testify. Under such circumstance, a fact finder's appreciation for and determination of relevant facts and occurrences must remain unsullied by the potential for subtle, yet significantly distorted modification of a witness testimony.
>
> By contrast, the very function of a rebuttal witness is directed toward challenging

---

[1] Rule 703 states:

> The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to the expert at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence in order for the opinion or inference to be admitted. Facts or data that are otherwise inadmissible shall not be disclosed to the jury by the proponent of the opinion or inference unless the court determines that their probative value in assisting the jury to evaluate the expert's opinion substantially outweighs their prejudicial effect.

Fed. R. Evid. 703.

the prior testimony of opposing witnesses, thereby enhancing the fact finder's ultimate determination of an objective "truth." . . . Whether such evidence is summarized in the form of a hypothetical question or exposed by prior review, rebuttal examination cannot be properly conducted without revealing, in some measure, the testimony which is subject to refutation. Moreover, trial by ambush and confoundment of rebuttal witnesses hardly advances the purported goals of reliability and trustworthiness. *Id.* (it is unreasonable to place experts under short time constraints for familiarizing themselves with each other's findings and therefore, reasonable to permit all of them to appear in court).

*Id.*

Although Gillette's counsel has not pointed out authority for its positions that this court's exclusion of experts is unprecedented or that it is entitled by rule to have the witness present, the court is persuaded that this motion should be resolved in Gillette's favor in light of (1) Rule 703, which allows an expert to opine based on testimony received at the hearing, (2) the full exposure of all witnesses in this case to "daily copy," and (3) defendant's demonstrated need to have assistance of the expert in preparing to cross-examine the witness. The court construes "essential" in the third exception as "reasonably necessary" and finds that Gillette has demonstrated that its expert should be allowed to observe the testimony of Syndia's damages expert. The court can discern no prejudice that will result to the plaintiff.[2] Furthermore, the court on its own motion vacates its order excluding experts from the court room during the taking of testimony.

ENTER: *Joan H. Lefkow*
JOAN HUMPHREY LEFKOW
United States District Judge

Dated: May 22, 2002.

---

[2] Counsel's suggestion that the expert will be able to assess the jury's reaction to the evidence is simply not persuasive.

3