# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan Humphrey Lefkow | Sitting Judge if Other than Assigned Judge | Geraldine Soat Brown |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2485 | **DATE** | 8/29/2002 |
| **CASE TITLE** | Syndia vs. Gillette | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set out in the Memorandum Opinion and Order, Syndia's Motions to Compel Discovery [267-2] and for an Accounting of Post 3/31/02 Infringing Sales [267-3] are denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | AUG 3 0 2002 | |
| | Notified counsel by telephone. | | date docketed | 292 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | 8/29/2002 | |
| tw | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SYNDIA CORPORATION,<br>Plaintiff, | )<br>)  Cause No. 01 C 2485<br>) |
| v. | )  Judge Joan Humphrey Lefkow<br>)  Magistrate Judge Geraldine Soat Brown |
| THE GILLETTE COMPANY,<br>Defendant. | )<br>)<br>) |

## MEMORANDUM OPINION AND ORDER

Geraldine Soat Brown, United States Magistrate Judge

The District Judge has referred to this Court for ruling two parts of a three-part motion filed by plaintiff Syndia Corp. ("Syndia") following a jury trial in this matter that resulted in a verdict in favor of Syndia and against defendant Gillette Company ("Gillette"). Specifically, the motions referred are Syndia's Motion to Compel Discovery and for an Accounting of Post 3/31/02 Infringing Sales. [Dkt 267-2 and 267-3.] For the reasons set out herein, both of those motions are DENIED.

### PROCEDURAL BACKGROUND

A status hearing was held following the referral of the motions. Because Syndia's motion to compel did not refer specifically to any particular discovery requests that it was seeking to enforce, Syndia was directed to supplement its motion to specify those discovery requests. Syndia filed its Supplement [dkt 276], Gillette filed a response in opposition to the motions [dkt 279], and Syndia filed a reply in support [dkt 290]. Oral argument was held on August 15, 2002, and the motions were taken under advisement.



In the oral argument on the motions, counsel for both parties referred to various procedural maneuvers before the District Judge. It appears that there are currently pending before the District Judge at least the following motions: motions by Syndia for a permanent injunction [dkt 265], to amend the judgment entered on June 14, 2002 to add prejudgment interest [dkt 266], and to amend the judgment to include a royalty on Gillette's infringing sales from April 1, 2002 to June 14, 2002; and a motion by Gillette for judgment as a matter of law or, alternatively, for a new trial. [Dkt 252.] Syndia's present motions must be considered in light of those proceedings.

Syndia's Motion for an Accounting of Post 3/31/02 Infringing Sales:
Sales data through the date of judgment.

Syndia's motion states that in the course of pre-trial discovery Gillette produced materials evidencing sales, revenues and profitability of its Mach3, Venus and Mach3 Turbo products through March 31, 2002, reflecting sales through that date of 1,401,688 units. Syndia argues that the jury verdict of $10,000,000 reflected a royalty on those units of $.007 per unit, and that Syndia has a right to a judgment amount reflecting that royalty on all infringing units sold, at least through the date of judgment. Thus, Syndia seeks information about the number of units sold from April 1, 2002 through June 14, 2002, in connection with its motion that the judgment be amended, presumably to add to the verdict damages figured at the rate of $.007 for each of the additional units sold. Gillette argues that the verdict amount reflected damages through June 14, 2002, not dependant on evidence of the number sold. (Gillette's Opp'n. ¶ 2.)

Whether or not the judgment should be amended is a matter for the District Judge. However, it is apparent that Syndia is entitled at least to discovery about the number of units of Mach3, Venus and Mach3 Turbo products sold up to the date of judgment. It appears uncontested that those units

made use of the process that the jury determined to be infringing. Without conceding that the judgment should be amended, Gillette apparently concedes Syndia's right to that discovery and represents that it agrees to produce sales data for the period between April 1, 2002 and June 30, 2002. (*Id.*)[1] Therefore, Syndia's motion to compel that sales data is denied as moot. In the event that Gillette fails to live up to its agreement, Syndia may seek to enforce that agreement.

Syndia's Motion for an Accounting of Post 3/31/02 Infringing Sales:
Sales data post-June 14, 2002; and Syndia's Motion to Compel Discovery.

Information about sales after the judgment, however, is on a different footing. Syndia cites Fed. R. Civ. P. 26(e), which includes the obligation of a party to supplement or correct a disclosure or discovery response under certain circumstances. However, Syndia has cited no authority, nor has this Court's research disclosed any precedent, holding that the obligation imposed by Rule 26(e) continues after judgment with respect to information about events that occur after the judgment.

Syndia also cites *Mikohn Gaming Corp. v Acres Gaming, Inc.*, CV-S-97-1383, 2001 U.S. Dist. LEXIS 23416 (D. Nev. Aug 1, 2001) as Syndia's authority for its right to a post-judgment accounting. (Syndia's Mot. to Compel at 2; Syndia's Suppl. at 2.) In *Mikohn*, the patent holder prevailed in a jury trial on the issue of patent infringement, and the jury awarded $1.5 million in damages against the infringer. In the opinion cited by Syndia, the court denied the infringer's post-trial motions, and granted the patent holder's motions for a prejudgment interest, for an injunction, and for an accounting of sales. The court observed that 35 U.S.C. § 284 does not specifically provide for an accounting as a remedy separate from damages. That section states only that a patent

---

[1] At oral argument, Gillette's counsel advised the Court that sales figures could not practicably be produced for a period ending in the middle of the month. Therefore, information to the end of June will be produced.

3

holder is entitled to damages to compensate for the infringement, which does not preclude the possibility of an accounting. 2001 U.S. Dist. LEXIS 23416 at *62. The court ordered the accounting because the verdict (which was rendered in March 2001) was based on data through June 1999. The jury had been instructed to award only a reasonable royalty through June 1999, and was further instructed that the court would decide whether the damages would be brought forward after that date. *Id.* at *56. The court reviewed several opinions cited by the parties and concluded that:

> The parties have not cited to, nor has the court located, any cases discussing the policy behind granting an accounting after judgment in patent actions. However, accountings appear to be standard practice, based upon the authorities presented.

*Id.* at *52, citing *Padco, Inc. v. Newell Cos., Inc.*, 1988 U.S. Dist. LEXIS 17384, 1988 WL 187504 (E.D.Wis. 1988), *Whelan Assoc., Inc. v. Jaslow Dental Lab., Inc.*, 609 F. Supp 1325 (E.D. Penn. 1985), and *Technology for Energy Corp. v. Computational Sys., Inc.*, 1992 WL 535791 (E.D. Tenn. 1992). Thus, the court granted the motion for an accounting so that the patent holder would be provided with "information to calculate a reasonable royalty for the entire period of infringement." 2001 U.S. Dist. LEXIS 23416 at *59. In the same order the Court entered, and stayed, a permanent injunction against the infringer's making or selling its "MoneyTime system." *Id.* at **65-66. However, it appears that a post-judgment accounting is not as standard as the court in *Mikohn* concluded. *See, e.g., Lucent Technologies, Inc. v. Newbridge Networks Corp.*, 168 F. Supp. 2d 269, 272 (D. Del. 2001)(denying post-judgment accounting to adjust damages to date of final judgment).

This Court has reviewed the cases cited by the *Mikohn* court, and finds the present posture of this case to be significantly different. In those cases, the accounting was granted as a final windup of damages either after or at the same time as the ruling on the post-trial motions. The limited purpose of the accounting was to calculate the sales of the product utilizing the infringing process

4

after the entry of the judgment and before the entry of the permanent injunction. In this case, the post-trial motions are still pending and have not even been fully briefed as of this date.

More significantly, the purpose of Syndia's request for an accounting and its motion to compel discovery is not simply to calculate additional damages on products that admittedly employ a process that has been found to be infringing. In its Supplement, Syndia cited discovery requests directed to sales, but also cited discovery requests seeking information about products Gillette is making or contemplating making using a diamond coating, and manufacturing and design specifications of the Mach3 and Venus brands of razor blades as well as all other Gillette products that incorporate synthetic diamond or diamond-like coating technology. (Syndia's Supplement at 3-4.) Syndia argues that a press statement issued by Gillette following the verdict, in which Gillette's representative stated that Gillette can make a minor change in its production process to take it outside the claim of the patents, generates a right of Syndia's part to compel supplemental responses to that discovery. Syndia states:

> Given Gillette's assertion that its <u>current</u> products are made using a process different from the one found by the jury to be infringing its patents, Syndia is entitled to test Gillette's assertion by virtue of its motion for an "accounting" of post-verdict infringing sales. The discovery sought by Syndia obviously will establish what process Gillette is <u>currently</u> using to make its products and whether sales of these products are relevant to Syndia's request for an accounting.

(Syndia's Reply ¶ 3 (emphasis in original)).

It is apparent that what Syndia seeks here is more than just an accounting as traditionally understood, but rather discovery into whether changes Gillette claims to have made in the process of manufacturing certain of its products eliminate the infringement of Syndia's patents. Syndia states that "in order to conduct an appropriate accounting of post-3/31/02 sales, this Court must determine

5

if Gillette's 'current' products are indeed made by the same (or a 'different') method." (*Id.* at ¶ 5.) This appears to have the potential for another extended factual and technical dispute.

Nothing in the *Mikohn* case or any of the precedents cited therein suggests that a post-judgment accounting opens the door for discovery on factual and technical matters. Nothing in those cases suggests that an accounting is a substitute for a contempt proceeding following the entry of an injunction or another infringement suit. Permitting discovery about allegedly-changed processes in the name of a post-judgment accounting is particularly inappropriate here where not only the right to a permanent injunction but also the scope of such an injunction has not been determined.[2]

Contrary to Syndia's concern expressed at oral argument, this does not mean that Syndia has to take Gillette's word that Gillette's current process does not infringe Syndia's patent. In addition to bringing another action for infringement, a patent holder who obtains an injunction may bring an action for contempt, and "the advantages of proceeding on a motion to hold his adversary in contempt are substantial." *KSM Fastening Systems, Inc. v. H.A. Jones Co., Inc.*, 776 F.2d 1522, 1524 (Fed. Cir. 1985).

> Contempt proceedings are generally summary in nature and may be decided by the court on affidavits and exhibits without the formalities of a full trial, although the movant bears the heavy burden of proving violation by clear and convincing evidence. If violation is found, the contemnor may be punished by fine (payable to the patent owner) and imprisonment, even in civil contempt.

*Id.* (citations omitted).

---

[2] At oral argument, Syndia's counsel pointed out that in its motion for a permanent injunction, Syndia is seeking an injunction preventing Gillette from using the DLC coating with respect to the Mach3, Venus, and Mach3 Turbo razor blade products, as well as any additional products Gillette may make in the future which are not colorably different from those products. (Syndia's Mem. Supp. Mot. Permanent Inj. at 8.) Gillette's response has not yet been filed, and is due on September 18, 2002. However, given the history of this case, it would be surprising if Gillette agreed to the scope of Syndia's proposed injunction.

However, the court in the *KSM Fastening Systems* case (a case cited by Syndia in its Memorandum in Support of its Motion for a Permanent Injunction at 8, and in its Reply Brief at 6) expressed the need for caution in proceeding in the summary manner appropriate in contempt cases when there is a fair ground of doubt because of differences between the adjudged and accused devices. 776 F.2d at 1524. "[A] party may seek relief by way of contempt proceedings only if the issues are appropriate for summary disposition." *Id.* at 1531. *A fortiori*, it seems particularly unwise to engage in discovery under the guise of an "accounting" to determine whether an allegedly-changed product is infringing before the post-trial motions have been decided, including whether an injunction shall be entered and, if so, its scope.

In support of its motion to compel discovery Syndia also cites *Viskase Corp. v. American Nat'l Can Co.*, 979 F. Supp 697, 699-703 (N.D. Ill. 1997)(Bucklo, J.), and *Cardiac Pacemakers, Inc. v. St. Jude Medical, Inc.*, IP 96-1718-CH/K, 2002 WL 1801525, 2002 U.S. Dist. LEXIS 4000 (S.D. Ind. Feb. 13, 2002), as demonstrating that the court may exercise its discretion to order discovery during the pendency of post-trial motions. (Syndia's Reply at 5.) However, both of those cases presented extraordinary situations in which the court allowed post-judgment discovery because there was evidence of false testimony by an expert witness. In both cases, the false testimony tainted the verdict, justifying a new trial at least on the issues as to which the expert testified. *Viskase*, 979 F. Supp. at 704; *Cardiac Pacemakers*, 2002 WL 1801525 at **48, 63-64. The Federal Circuit, affirming in part the resulting retrial in the *Viskase* case, called the post-trial discovery "an unusual event, flowing from new information. . . ." 261 F.3d 1316, 1324 (Fed. Cir. 2001).

There is no suggestion here of any false testimony that would create the grounds for a new trial. Syndia argues that the District Judge will want this additional discovery undertaken in

7

connection with the scope of the proposed injunction. (Syndia's Reply at 5-6.) However, it does not appear that reopening discovery about arguably new or revised technology would be any more relevant to the scope of an injunction in this case than it would be in any other patent case, and Syndia has cited no authority suggesting that reopened discovery is customary in patent cases. Indeed, the absence of such authority suggests the opposite, and supports the common sense concept that the scope of any injunction entered on the basis of the jury's verdict should be based on the facts and issues presented to the jury. This, along with the caution of the Federal Circuit in the *KSM Fastening Systems* case against using summary proceedings to determine whether a modified device is infringing, require that Syndia's motion to compel discovery be denied.

For the foregoing reasons, Syndia's motion for an accounting of post 3/31/02 infringing sales, to the extent it is not moot as discussed above, is denied; and Syndia's motion to compel discovery is denied.

**IT IS SO ORDERED.**

**GERALDINE SOAT BROWN**
**United States Magistrate Judge**

**DATED: August 29, 2002**